**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ENAMUL HAQE CHOWDHURY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  20-3294 (UNA) |
| | ) | |
| | ) | |
| GOVERNMENT OF THE PEOPLES | ) | |
| REPUBLIC OF BANGLADESH *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on review of plaintiff's complaint, ECF

No. 1, and application to proceed *in forma pauperis*, ECF No. 2.  The Court will grant plaintiff's

application and dismiss the complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P.

12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter

jurisdiction is wanting).

A party seeking relief in the district court must plead facts that bring the suit within the

court's jurisdiction.  Fed. R. Civ. P. 8(a).  Plaintiff is a resident of Dahka, Bangladesh, who has

sued the Peoples Republic of Bangladesh, Bangladesh officials, and private defendants for

conduct that is far from clear but occurred apparently in Bangladesh.  *See, e.g.*, Compl. at 4

("Claim rise occurred as jurisdictional proof tenant making affidavit submitted filled case is

confession of unlawful possession in the 6th assistant judge court and Dhaka district Judge court

disqualification of Judges and unlawful possession in 61/1-B Saydabad brammanchiron, Dhaka,

Bangladesh ground floor.").

1

Case 1:20-cv-03294-UNA    Document 3    Filed 12/07/20    Page 2 of 3

The allegations, such as they are, do not establish jurisdiction under the Foreign

Sovereign Immunities Act (FSIA), which is the "sole basis for obtaining jurisdiction over a

foreign state in our courts." *Nemariam v. Fed. Democratic Republic of Ethiopia*, 491 F.3d 470,

474 (D.C. Cir. 2007) (internal quotation marks and citation omitted); *see Roeder v. Islamic*

*Republic of Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011) ("The FSIA provides generally that a foreign

state is immune from the jurisdiction of the United States courts unless one of the exceptions

listed in 28 U.S.C. § 1605(a) applies") (internal quotation marks and citation omitted); *Peterson*

*v. Royal Kingdom of Saudi Arabia*, 416 F.3d 83, 86 (D.C. Cir. 2005) ("a foreign state is immune

from the jurisdiction of federal and state courts alike, and remains so unless an international

agreement or one of several exceptions in the statute provides otherwise") (citations omitted)).

The complaint against the non-governmental defendants fares no better. The subject

matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C.

§§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal

question" is presented or the parties are of diverse citizenship and the amount in controversy

exceeds $75,000. Nothing suggests that the complaint arises "under the Constitution, laws, or

treaties of the United States," 28 U.S.C. § 1331, and it is a "well-established rule" that in order

for an action to proceed in diversity, the citizenship requirement must be "assessed at the time

the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). To

that end, "the citizenship of every party to the action must be distinctly alleged [in the complaint]

and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp.

2d 49, 55 (D.D.C. 2004). The complaint includes no cogent statement about each party's

citizenship and the amount in controversy to proceed in diversity.[1]  Therefore, this case will be

dismissed.  A separate order of dismissal accompanies this Memorandum Opinion.

_____/s/_____<br>
CHRISTOPHER R. COOPER<br>
United States District Judge

Date: December 7, 2020

---

[1]  Plaintiff suggests that jurisdiction is conferred by an alleged "Judgment in Court record in the United States Court of Appeals for the Federal Circuit *Chowdhury v. Treasury*."  Compl. at 4. However, that appeal arose from a wholly unrelated proceeding involving the Merit Systems Protection Board, and it was dismissed for lack of jurisdiction.  *See id*., No. 2019-1816 (Fed. Cir. July 17, 2019) (per curiam) (concluding that Chowdhury had not appealed from a final order or decision of the Board).